UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STATE OF LOUISIANA IN THE
MATTER FOR INVESTIGATION

CIVIL ACTION

NO. 15-0314-JJB-SCR

## RULING

This matter comes before the Court in connection with the Court's Order dated May 21, 2015 (R. Doc. 2), denying the plaintiff authorization to proceed *in forma pauperis* in this case and directing him to pay, within twenty-one (21) days, the full amount of the Court's filing fee.

On May 21, 2015, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court determined that the plaintiff was not authorized to proceed *in forma pauperis* herein and ordered him to pay, within 21 days, the full amount of the Court's filing fee (R. Doc. 2). The plaintiff was placed on notice that a failure to comply with the Court's Order "may result in the dismissal of the plaintiff's complaint, without prejudice." *Id.*

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior

occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly,

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Derrick Scott v. James M. LeBlanc, et al.*, Civil Action No. 12-0239-BAJ-SCR (M.D., La.), *Derrick Scott v. Burl Cain*, Civil Action No. 12-0412-JJB-DLD (M.D., La.), and *Derrick Scott v. Officer Haney, et al.*, Civil Action No. 12-0439-JJB-DLD (M.D., La.). The first two referenced cases were dismissed because the plaintiff's Complaints made clear that he had failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, and the United States Court of Appeals for the Fifth Circuit has concluded that the dismissal of an action for failure to state a claim is appropriate when it is clear from the face of a plaintiff's Complaint that he has not exhausted administrative remedies. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). In addition, such dismissals may be treated as "strikes" within the context of 28 U.S.C. § 1915(g). *See Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Martinez v. Bus Driver*, 344 Fed. Appx. 46 (5th Cir. 2009); *Johnson v. Kukua*, 342 Fed. Appx. 933 (5th Cir. 2009). Finally, a Court may take judicial notice of the record in prior related proceedings, *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206, 211 (5th Cir. 1983), and the Court hereby takes judicial notice of proceedings before this Court in *Derrick Scott v. Trish Foster, et al.*, Civil Action No. 13-0665-JJB-RLB (M.D. La.), wherein both this Court and the Fifth Circuit Court of Appeals found that the plaintiff had

pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 21 days.[2] Now, a review of the record by the Court reflects that the plaintiff has failed to pay the filing fee as ordered. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 6th day of July, 2015.

---

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

accumulated three strikes.

2. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained in 28 U.S.C. § 1915(g). *See* R. Doc. 2.